FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

NOV 12 2014

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

Inspection of the workplace
located at and near

803 S. 20th Street
Omaha, Nebraska

under the control or custody of

AMERICAN MACHINE WORKS, INC.

Case No. 8:14 MJ 290

### APPLICATION FOR ADMINISTRATIVE SEARCH WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Michael Connett, a duly authorized Compliance Officer of the Omaha Area Office, Occupational Safety and Health Administration, United States Department of Labor, hereby applies for an administrative search warrant, pursuant to section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C.A. §§ 651-678, 657(a) (West 2012), hereinafter referred to as the Act, for the inspection, investigation and search of the workplace located at 803 S. 20th Street, Omaha, Nebraska and described as the workplace where American Machine Works, Inc. is believed to be engaged in custom machining work.

1. The authority for issuance of the administrative search warrant is section 8(a) of the Act and <u>Marshall v. Barlow's, Inc.</u>, 436 U.S. 307, 98 S.Ct. 1816 (1978).

2. Sections 8(a)(1) and 8(a)(2) of the Act specifically authorize the Secretary of Labor to make

4JAM4002RLP

inspections and investigations at any reasonable time, at any plant, factory, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer.

    3.    Sections 8(a)(1) and 8(a)(2) of the Act are implemented in part by OSHA Instruction CPL 02-00-150, Field Operations Manual (FOM), (hereinafter CPL 02-00-150), Chapter 2, attached hereto as Exhibit A and incorporated herein, which directs that programmed inspections be scheduled based on neutral selection criteria, according to national scheduling plans for safety and health or special emphasis programs.  CPL 02-00-150, Exhibit A, Chapter 2, p. 2-9, IV.H.3.  Local Emphasis Programs ("LEPs") are a type of special emphasis program in which one or more area offices of a Region participate.  Local emphasis programmed inspections are conducted in accordance with OSHA Instruction CPL 04-00-001 (hereinafter CPL 04-00-001), Procedures for Approval of Local Emphasis Programs, attached hereto as Exhibit B and incorporated herein.  See also Exhibit A, CPL 02-00-150, Chapter 2, p. 2-13, VI.F.1.

    4.    CPL 04-00-001, Exhibit B, pp. 3-4, paragraph VIII, provides that Regional Administrators are authorized to approve LEPs with the concurrence of the Regional Office of the Solicitor.  When an LEP is developed by the Regional Office or when an Area Director submits a request for an LEP to the Regional Office, the Regional Administrator shall develop a Regional CPL Notice (directive) for the LEP containing appropriate documentation and rationale for the

LEP, a list of establishments or a method of generating a list of worksites, a selection process setting forth neutral criteria to identify establishments for inspection, such as a random numbering system and an evaluation component. CPL 04-00-001, Exhibit B, p. 4, para. VIII.A.

5. In accordance with CPL 04-00-001, Exhibit B, the Kansas City Region VII OSHA Office developed a local emphasis program to target workplaces with machinery and equipment that cause or are capable of causing amputations and workplaces where amputations have occurred, in order to reduce amputation injuries while maximizing the Agency's inspection resources. The Regional Administrator approved the LEP, OSHA Regional Notice CPL 02-14-012, Local Emphasis Program on Amputations (hereinafter "Instruction"), attached hereto as Exhibit C.

6. The Instruction applies to those businesses with SIC codes 2011, 2013, 2015, 2022, 2051, 2099, 2299, 2411, 2421, 2426, 2431, 2434, 2448, 2511, 2621, 2653, 2671, 2673, 2752, 3089, 3272, 3315, 3316, 3317, 3325, 3423, 3441, 3443, 3444, 3446, 3462, 3465, 3469, 3496, 3499, 3544, 3564, 3585, 3599, and 3714, believed to be operating within the jurisdiction of OSHA Region VII enforcement offices, including the Omaha Area Office. Exhibit C at p. 1, para. II; pp. 6-7, VIII.B.7. As OSHA is transitioning to a new classification system called the North American Industry Classification System (NAICS), Appendix A of Exhibit C contains a cross reference of SIC codes and related NAICS codes for targeting industries and establishments. Exhibit

C at p. 4, para. VIII.B.1 and 2 and Appendix A, pp. A1-A6.

7. The Instruction provides that each Area Office will prepare a master list of establishments within its jurisdiction from the covered SIC/NAICS codes. Exhibit C at p. 4, para. VIII.B.1. Establishments with ten or fewer employees will not be scheduled for an inspection. Exhibit C at p. 4, para. VIII.B.3. Area Offices then search their Integrated Data Management System ("IMIS") and the OSHA Information System ("OIS") and add to the master list industrial general industry establishments where amputation injuries or fatalities related to machinery and equipment have occurred in the last five years. Exhibit C at p. 4, para. VIII.B.4. The Area Office then applies the deletion criteria contained in CPL 02-00-025, at pp. 4-5, para. B.1.b.(1)(b)6, except for H# and S#, attached hereto as Exhibit D, the Scheduling System for Programmed Inspections. The Area Office may also delete establishments known to be out of business. Any establishment, other than those where amputations are known to have occurred, having had a comprehensive or partial safety inspection within the previous 24 months, is deleted from the list. Exhibit C at p. 5, para. VIII.B.6.

8. Establishments on the master list are arranged alphabetically by company name. Additions are arranged alphabetically and added to the bottom of the list. Each establishment is then assigned a sequential number starting at the top of the list with number 1. The random numbers table is then applied to create the first cycle of 5 to 50

4

establishments. Subsequent cycles are created the same way until all establishments on the list have been assigned to a cycle. Inspections are then scheduled beginning with the first cycle. Establishments in one cycle may be inspected in any order. However, once a cycle has begun, all establishments in that cycle are to be inspected before a new cycle is begun except for carryovers that will be allowed as provided in OSHA Instruction CPL 02-00-025. Exhibit C at p. 5, para. VIII.B.6.

9. American Machine Works, Inc. is an establishment within the jurisdiction of the Omaha Area Office. American Machine Works, Inc. has a SIC code of 3599, which is a SIC code covered by this LEP. American Machine Works, Inc. was an establishment selected for inspection in Cycle 1.

10. On October 17, 2014, Compliance Officer Scott Jacobson went to the establishment located at 803 S. 20th Street, Omaha, Nebraska and requested permission to make an inspection. He was denied permission to do so by Vic Brown, company President.

11. It is requested that the warrant authorize an inspection of the custom machining operation under the custody and control of American Machine Works, Inc., including all relevant records, files, and papers. The inspection will be conducted during regular working hours or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent, and the taking of photographs, environmental samples, including the use of personal sampling equipment, and measurements, when necessary. The

Compliance Officer's credentials will be presented, and the inspection will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness. The inspection will focus on amputation hazards, including but not limited to, hazards associated machinery and equipment that cause or are capable of causing amputations. The Compliance Officer may expand the inspection beyond those machines if other hazards or violations are observed during the walk-around or documented in the OSHA 300 logs.

12. Any information, including photographs and environmental samples, obtained in connection with the inspection and which is designated to be a trade secret as defined in 18 U.S.C.A. § 1905, shall be considered confidential as provided in section 15 of the Act, 29 U.S.C.A. § 664.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Michael J. Connett
Compliance Officer, Occupational
Safety and Health Administration
United States Department of Labor

Subscribed and sworn to before me in my presence on this __12__ day of __November__, 2014.

_____
F.A. GOSSETT III
United States Magistrate Judge

6

Deborah R. Gilg
United States Attorney

*[signature]*

Laurie A. Kelly, MA Bar 557575
Assistant U.S. Attorney
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102
Telephone No.  (402) 661-3700
Fax            (402) 661-3081
Laurie.kelly@usdoj.gov

OF COUNSEL:

M. Patricia Smith
Solicitor of Labor
Connecticut Bar #371708

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

H. Alice Jacks
Associate Regional Solicitor
MO Bar #24482

Rachel L. Parsons
KS Bar #13991
MO Bar #36906
Senior Trial Attorney
parsons.rachel@dol.gov

Two Pershing Square Building
2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7287 (fax)
Attorneys for Thomas E. Perez
Secretary of Labor
United States Department of Labor



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

Inspection of the workplace
located at and near                Case No. 8:14 MJ 290

803 S. 20th Street
Omaha, Nebraska

under the control or custody of

AMERICAN MACHINE WORKS, INC.

**ADMINISTRATIVE SEARCH WARRANT**

TO: Bonita Winningham
    Area Director
    Occupational Safety and Health Administration
    Omaha Area Office

Application having been made, which establishes that the requested inspection is reasonable, based on a showing that American Machine Works, Inc. located at 803 S. 20th Street, Omaha, Nebraska was chosen for inspection on the basis of a general administrative plan, derived from neutral sources, for the enforcement of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, hereinafter referred to as the Act,

IT IS HEREBY ORDERED that, pursuant to section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, YOU OR YOUR DULY DESIGNATED REPRESENTATIVES ARE AUTHORIZED to enter the above-described workplace during regular working hours or at other reasonable times, and to

make an inspection of the custom machining operation under the custody and control of American Machine Works, Inc., in order to determine compliance with the Act, and the rules and regulations promulgated pursuant thereto. The inspection shall focus on amputation hazards, including but not limited to, hazards associated with machinery and equipment.

Said inspection to include all relevant records, files and papers and all relevant workplaces or environments where work is performed by employees, including videotaping, the taking of photographs, environmental samples including the use of personal sampling equipment, and measurements, and to question privately any employee or agent, regarding potential amputation hazards, including hazards associated with machinery and equipment. The inspection will focus on amputation hazards, including but not limited to, hazards associated machinery and equipment that cause or are capable of causing amputations. The inspection will also include a review of all relevant OSHA 300 logs, the employer's safety and health program, and any hazards in plain view during the inspection.

You are hereby directed not to disclose any information obtained during the inspection which is designated to be a trade secret as defined by 18 U.S.C. § 1905, except that such information may be disclosed to other officers or employees concerned with carrying out the

2

Act or when relevant in any proceeding under the Act.

A return shall be made to this Court showing that the inspection has been completed. The inspection authorized herein shall be initiated within __14__ days, and a return shall be made to the Court within fourteen days following completion of the inspection.

DATED: __11/12/14__

F.A. GOSSETT III
United States Magistrate Judge

3

## RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served on _____, to the company named herein:

_____

_____

_____

## RETURN

I declare under penalty of perjury that the inspection of the workplace described in this warrant was made on _____.

Date: _____  By: _____
                          Compliance Officer, Occupational
                          Safety and Health Administration
                          United States Department of Labor

4